RECEIVED
STATESVILLE, NC
FEB 1 2016
Clerk, U. S. Dist. Court
W. Dist. of N. C.

NCWD Civil No. 5:16CV22-FDW

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:15CV748 |
| | ) |
| WILKES COUNTY COURTHOUSE, | ) |
| et al., | ) |
| | ) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not list any Defendants in section IV(B) of his Complaint form, as required, or give sufficient addresses for them to be served.

2. Plaintiff does not appear to state any viable claim for relief. His Complaint alleges a wrongful conviction. However, he cannot raise such a claim under § 1983 without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). He does not do so. In addition, Plaintiff seeks damages from state court judges who are immune from claims for damages. Stump v. Sparkman, 435 U.S. 349 (1978).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.[1] To the extent Plaintiff chooses to file a new § 1983 Complaint, the Court also notes that it appears that the potential defendants may be located in the Western District of North Carolina. The events challenged in the Complaint are all alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.[2]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above and is filed in the proper district.

This, the 5th day of January, 2016.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge

---

[1] Alternatively, it may be that Plaintiff intends to bring a petition for a writ of habeas corpus challenging his conviction under 28 U.S.C. § 2254. If so, he should use the proper forms for § 2254 claims.

[2] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406.