# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:16-cv-22-FDW

| | |
|---|---|
| WILLIAM HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), filed pursuant to 42 U.S.C. § 1983.

I.     **BACKGROUND**

Pro se Plaintiff William Harrison is a North Carolina inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff is serving a 60-year sentence after being convicted by a jury on September 30, 1994, of first-degree kidnapping and first-degree attempted rape. On July 6, 1999, Plaintiff filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Harrison v. Jones, Civil No. 5:99cv109 (W.D.N.C.). On August 30, 2002, this Court denied the petition as untimely following remand from the Fourth Circuit Court of Appeals. (Id., Doc. No. 19). On February 10, 2003, the Fourth Circuit dismissed Plaintiff's appeal. (Id., Doc. 25).

In this action, filed on January 21, 2016, pursuant to 42 U.S.C. § 1983, Plaintiff has named the "State of North Carolina" as the only Defendant, and he alleges that his constitutional rights were violated because no African Americans served on the jury at his 1994 criminal trial. Plaintiff states "I am seeking relief from the [State of North Carolina] for the full amount of a

1

minimum of $50,000 in punitive and monetary damages for each year that I have been in prison. I have been in prison for 22 years." (Id. at 4).

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in his Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Indeed, he has alleged that his conviction has not been reversed. Therefore, his claims are barred by Heck.

The Court further notes that it appears that the proper vehicle for Plaintiff's claims is a habeas petition filed under 28 U.S.C. § 2254. However, the Court advises Plaintiff that any such petition would likely be dismissed as untimely. Moreover, given that Plaintiff has already filed a habeas petition and this Court has already dismissed that petition as untimely, Plaintiff will be barred from bringing a successive petition unless first obtaining authorization from the Fourth

2

Circuit Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A).

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. The Clerk is directed to close this case.

Signed:  February 10, 2016

Frank D. Whitney
Chief United States District Judge